STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**NICOLE L. WHITTEN,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1215**   (BOR Appeal No. 2048429)
(Claim No. 2013021503)

**BAILES, CRAIG, & YON, PLLC,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Nicole L. Whitten, by Cathy L. Greiner, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bailes, Craig, & Yon, PLLC[1], by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 4, 2013, in which the Board affirmed a May 20, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 28, 2013, decision denying Ms. Whitten's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Whitten worked for Bailes, Craig, & Yon, PLLC as a legal secretary. She alleges that she began feeling pain in both wrists and elbows in November of 2010. Luis E. Bolano, M.D.,

---

[1] The Board of Review's Order and the Office of Judges' Order misstated the employer's name as Bailes, Crain, & Yon, PLLC.

1

diagnosed Ms. Whitten with carpal tunnel syndrome and cubital tunnel syndrome. He opined that both conditions were occupationally related. Prasadarao B. Mukkamala, M.D., and Rebecca Thaxton, M.D., concluded that Ms. Whitten's carpal tunnel syndrome and cubital tunnel syndrome were not caused by or related to her work and that she had no occupationally related contributing factors for carpal tunnel syndrome. Ms. Whitten filed an application for workers' compensation benefits requesting that carpal tunnel syndrome and cubital tunnel syndrome be held compensable. The claims administrator denied Ms. Whitten's application for workers' compensation benefits because it found the disability complained of was not due to an injury or disease received in the course of and resulting from employment.

The Office of Judges affirmed the claims administrator's decision and found that Ms. Whiten has not established by a preponderance of the evidence that she sustained an occupational disease in the course of and resulting from her employment. The Board of Review affirmed the Order of the Office of Judges. On appeal, Ms. Whitten disagrees and asserts that Dr. Bolano, from Scott Orthopedic Center, found that she is suffering from carpal tunnel syndrome and cubital tunnel syndrome as a result of her work activities. Ms. Whitten further argues that Dr. Mukkamala and Dr. Thaxton are not orthopedic surgeons and neither have the experience in this area as Dr. Bolano does. Bailes, Craig, & Yon, PLLC maintains that there is no medical opinion of record establishing a causal connection between Ms. Whitten's specific job duties and the development of carpal tunnel syndrome. Bailes, Craig, & Yon, PLLC further maintains that Ms. Whitten was diagnosed with carpal tunnel syndrome two years prior to the first mention of the condition being work-related. Bailes, Craig, & Yon, PLLC asserts that a clerical position is not a risk factor for carpal tunnel syndrome and that Ms. Whitten suffers from obesity, which is a non-occupational risk factor for carpal tunnel syndrome.

The Office of Judges found that Ms. Whitten has not established by a preponderance of the evidence that she has developed carpal tunnel syndrome or cubital tunnel syndrome due to her work duties. Under West Virginia Code of State Rules § 85-20-41.5 (2006), Ms. Whitten's clerical job does not put her at high risk to develop carpal tunnel syndrome. Additionally, West Virginia Code of State Rules § 85-20-41.5 provides that "[w]hen evaluating carpal tunnel syndrome in this work setting, a careful search for other contributing factors is essential. Awkward wrist position, vibratory tools, significant grip force, and high force of repetitive manual movements have all been shown to contribute to carpal tunnel syndrome." The Office of Judges found that the Employee's and Employer's Interview Questions for Carpal Tunnel Claims forms revealed Ms. Whitten had no exposure to these other contributing factors. Dr. Thaxton and Dr. Mukkamala also found that Ms. Whitten did not have any of these occupational risk factors for the development of carpal tunnel syndrome and concluded that her carpal tunnel syndrome and cubital tunnel syndrome were not occupationally related. West Virginia Code of State Rules § 85-20-41.4 (2006) lists obesity as a confounding condition that frequently produces or contributes to carpal tunnel syndrome. Dr. Mukkamala found that Ms. Whitten's obesity was a significant non-occupational risk factor for the development of carpal tunnel syndrome.

The Office of Judges pointed out that Dr. Bolano's February 27, 2012, report noted that Ms. Whitten stated the pain in her wrists and elbows began in November of 2010. Ms. Whitten was referred for an EMG in April of 2011. However, the Office of Judges found that there was

2

no mention of the pain being related to work activities until the Report of Occupational Injury dated January 21, 2013, over two years since the onset of the wrist and elbow pain. The Office of Judges concluded that based upon a preponderance of the evidence the claim for carpal tunnel syndrome and cubital tunnel syndrome was appropriately denied.

This Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. Under West Virginia Code of State Rules § 85-20-41.5, clerical work is not a high risk job for producing or developing carpal tunnel syndrome, and Ms. Whitten does not have any of the contributing factors listed under § 85-20-41.5. Ms. Whitten also has a non-occupational risk factor of obesity. Dr. Mukkamala and Dr. Thaxton found Ms. Whitten's condition was not related to her work duties. Dr. Bolano opined Ms. Whitten's condition was occupationally related, but not until January of 2013 after he had already been treating Ms. Whitten for these diagnoses and symptoms since February 27, 2012. In addition, her symptoms began in November of 2010, but she did not mention that her symptoms were caused by her work or related to her job duties until January of 2013.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

Justice Menis E. Ketchum, Disqualified